UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AMERICAN WESTERN HOME　　　　　　CIVIL ACTION NO. 05-1784
INSURANCE COMPANY

versus　　　　　　　　　　　　　　　　　JUDGE HICKS

JEFFERY JACKSON, ET AL.　　　　　　MAGISTRATE JUDGE HORNSBY

## **MEMORANDUM ORDER**

Daniel Walsworth, Jr. was killed when he was shot by a friend while the two young men were present in the home of Walsworth's mother and stepfather. Walsworth's father, Daniel Walsworth, Sr., ("Mr. Walsworth") filed suit in state court against the mother and stepfather, alleging that their negligence caused his son's death.

American Western Home Insurance provided a homeowner's policy to the defendants. It is not clear from the current record if Mr. Walsworth has named American Western as a defendant in the state court suit, but American Western represents in its complaint filed in this court that it did, subject to a reservation of rights, provide a defense to the mother and stepfather in the state court litigation.

American Western filed this federal declaratory judgment action, based on diversity jurisdiction, seeking a declaration that its policy does not provide coverage because the victim was a resident of the defendants' home at the time he was killed. A policy provision allegedly excludes coverage for bodily injury to a resident of the insured premises. The named defendants in this declaratory judgment action are the victim's mother and stepfather.

Mr. Walsworth, the plaintiff in the state court case, filed a Motion for Leave to Intervene (Doc. 12) in this case so that he could participate in the litigation of the coverage issue. He claims an interest in the coverage issue and argues that the named defendants have filed bankruptcy and no longer have sufficient interest to adequately contest this action. American Western opposes the intervention.

Rule 24(a) provides that a party shall be permitted to intervene if (1) a federal statute confers the right to intervene or (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

American Western argues that Mr. Walsworth, Sr.'s interest is "purely economic" and not sufficient to permit intervention of right. The Fifth Circuit interprets that element to require an applicant to identify an interest that is direct, substantial and legally protectable, meaning "something more than a mere economic interest; rather, the interest must be 'one which the *substantive law* recognizes as belonging to or being owned by the applicant.'" Ross v. Marshall, 426 F.3d 745, 757 (5th Cir. 2005). The Court tempered that requirement by observing that it has also described the interest test as "primarily a practical guide to disposing of law suits by involving as many apparently concerned persons as is compatible with efficiency and due process." Id. The Court also wrote, relevant here, that: "With respect to a potential intervenor seeking to defend an interest being attacked by a plaintiff in a lawsuit, we have observed that the intervenor is a real party in interest when the suit was intended to have a 'direct impact' on the intervenor." Id. at n.

46.

The court finds that Mr. Walsworth is claiming an interest relating to the insurance policy that is the subject of this action and that the disposition of the action without him could, as a practical matter, impair or impede his ability to protect that interest. The interest is one that the law allows him to assert directly against American Western if he chooses. See La. R.S. 22:655. From a practical standpoint, it is Mr. Walsworth who will be the most directly impacted by the outcome of the coverage dispute. The homeowner-insureds have filed for bankruptcy protection, so any judgment against them will likely mean little to them. On the other hand, if the bankrupt homeowners are found to be liable to Mr. Walsworth in tort but there is no insurance coverage, Mr. Walsworth will likely be left with no ability to collect on his judgment.

The court also finds that Mr. Walsworth's interest would not be adequately represented by the existing parties. The record indicates that the bankrupt homeowners were served with this federal action on February 8, 2006 and that their answers were due 20 days later. Approximately one month has passed since that deadline, but the homeowners have filed nothing, indicating that they may simply allow a default in this case.

Under these circumstances, the court finds that Mr. Walsworth has a right to intervene, so his **Motion for Leave to Intervene (Doc. 12)** is **granted.** American Western argues that Mr. Walsworth will inject his tort claims into this action, but Mr. Walsworth's complaint-in-intervention makes clear that he prays not for tort damages but a judgment declaring that the policy at issue does afford coverage for the tort claims he asserts in his state court suit.

The court must also ensure that it has subject matter jurisdiction over the intervention claim.

The complaint-in-intervention names one defendant, American Western. Mr. Walsworth is a citizen of Louisiana, American Western is a citizen of Oklahoma, and there is more than $75,000 in controversy. The policy limit is $100,000. Mr. Walsworth does not directly or implicitly assert any claims against the Louisiana citizen (non-diverse) homeowners in this declaratory action. Accordingly, the court does have subject matter jurisdiction over the complaint-in-intervention.

American Western resists Mr. Walsworth's intervention in this case, but it may wish to consider that Mr. Walsworth might not be bound by a judgment in this action if he were not a party. Res judicata typically applies only where the parties to the two actions are the same. La. R.S. 13:4231. There is at least a substantial argument that, even if American Western were to prevail in this case, Mr. Walsworth (if he were not permitted to intervene) would not be bound by the federal judgment and could sue American Western in state court and freely litigate the coverage issue. It is also possible that the federal and state courts could reach different results.

The record is not clear whether Mr. Walsworth has named American Western as a defendant in the state court suit. If he did so, that would force American Western to raise the coverage issue as a defense in that action. It has been the longstanding practice in the Shreveport Division to abstain from the exercise of jurisdiction over declaratory judgment actions regarding coverage issues when the claim for declaratory relief is also being asserted as a defense or will otherwise be resolved in a parallel state court proceeding. This discourages forum shopping, avoids inconvenience and duplicate litigation expenses, and avoids the risk of inconsistent rulings from the state and federal courts. The law relevant to the court's discretion to dismiss a declaratory judgment action in such circumstances is set forth in cases such as Wilton v. Seven Falls Co., 115

S.Ct. 2137 (1995) and Clarendon America Ins. Co. v. Faulk & Foster Real Estate Services, 2005 WL 1523332 (W. D. La. 2005). Mr. Walsworth's complaint-in-intervention prays, in the alternative, that this declaratory action be dismissed and that all parties proceed in the state court. If Mr. Walsworth demonstrates to this court that all parties have in fact been joined in the state court suit and files a properly supported motion to dismiss, then the court can determine whether to abstain in this instance.

THUS DONE AND SIGNED at Shreveport, Louisiana, on the 31st day of March, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE